Wilfred L. Hagerty
vs.
Doughnut Shops of Rhode Island, Inc.
Eq. No. 11607.

August 19, 1932.

JOSLIN, J. This matter is heard upon the petition of Wilfred L. Hagerty to direct the Receiver to vacate the premises now occupied by him at 226 Westminster Street, Providence.

The petitioner contends that he is the lessee under a written lease of said premises; that he never gave a legal assignment thereof to the respondent corporation, and that prior to the receivership, and at the time thereof, the premises were occupied by the corporation as his tenant at will.

The Receiver has filed an answer in which he prays for a decree adjudicating that title to the lease of said premises is in him as said Receiver. He admits there there was no formal written assignment nor express verbal

assignment of the lease, but contends that there was an equitable assignment thereof by virtue of which the corporation is the successor to the lease.

The question must be determined by ascertaining the real intention of the parties. The acts and conduct of the petitioner and of the corporation at the time of the incorporation and subsequent thereto will be examined to ascertain that intent.

On February 21, 1928, Mr. Hagerty took from Thomas A. O'Gorman, Jr., a lease of said premises for the term of five years ending March 15, 1933, at a stated rental. There is a provision for a renewal of the lease for an additional term of five years to be exercised in writing not later than September 15, 1932. The lease was duly recorded on November 15, 1929.

On May 27, 1930, the respondent was incorporated under the name of "Twinkletoes, Inc.," which name was subsequently changed to "Doughnut Shops of Rhode Island, Inc." At the time of the incorporation, Mr. Hagerty made an offer in writing to sell and transfer to the corporation, in exchange for 97 shares of its capital stock, "the business now conducted by me at 226 Westminster Street, Providence, R. I., for the manufacture and sale of doughnuts and foodstuffs, consisting of the plant, stock on hand * * * lease of Downy-flake machinery and territory as per my contract with the Downy Machine Corp. * * * and the good will of the business, the whole being sold as a going concern." This offer was accepted and 97 shares of capital stock were issued to Mr. Hagerty. No formal documents of transfer were executed.

No further rent payments were made by Mr. Hagerty and, commencing with June 10, 1930, and thereafter each month, checks for rent of the leased premises were paid by said corporation to Mr. O'Gorman, although Mr. O'Gorman issued receipts therefor to Mr. Hagerty. The store has been occupied by the corporation continuously from the date of its incorporation to the present time.

Upon the petition of Mr. Hagerty filed herein June 21, 1932, a Temporary Receiver was appointed. On July 14, 1932, Arthur L. Conaty, Esq., was appointed Permanent Receiver. Mr. Conaty took possession of all the assets of the corporation, including the premises in question, and is operating the business therein. The corporation recently opened another store which was closed by the Permanent Receiver. It is stated that the cause of the complainant's failure was the latter store and that the business in the store at 226 Westminster street netted the corporation a substantial profit during the past year. The Receiver deems the lease in question a valuable asset.

It is to be noted that in addition to "the good will of the business," the offer includes the "business now conducted" in said premises. The offer states that the "whole" is "being sold as a going concern."

The leased premises are in the heart of the city and generally considered to be a good location. If it were true that Mr. Hagerty did not intend to give to the corporation all his interest in said lease, but merely a tenancy at will, he had it in his power to expel the corporation therefrom with little formality and less time. He would have had it in his power to snuff out the business life of the corporation, or at least to put it to the considerable expense of moving to another location with all the hazards that attend the attempt to establish a good will elsewhere. In the opinion of this Court, this was not his intention. When Mr. Hagerty sold a "going concern," he meant to include the right to a permanency of tenancy.

The records of the corporation contain no vote or action denoting a transfer of the lease; neither does there appear to be any vote to the effect that there was an agreement for a tenancy, at will or otherwise, from Mr. Hagerty

to the corporation. Had it been intended to exclude the lease, the offer would have expressly reserved it. The informality which attended the transaction at the time of the incorporation is undoubtedly responsible for the fact that formal documents were not drawn, executed and passed between the parties. Had such documents been drawn, the lease would, without doubt, have been included in the conveyance. The fact that Mr. O'Gorman made his receipts directly to Mr. Hagerty has no significance as between the latter and the corporation in this proceeding. Mr. Hagerty testified that the payment of rent by the corporation to Mr. O'Gorman was a matter of convenience to save the drawing of checks. This explanation is not convincing.

The acts and conduct of Mr. Hagerty and of the corporation of which Mr. Hagerty was President and Treasurer, and in which he owned 97% of the capital stock, both at the time of the incorporation and subsequent thereto, lead to the conclusion that the lease was included in the offer.

For the foregoing reasons, this Court is of the opinion that when the petitioner sold to the corporation the said business, the good will thereof, and the business as a "going concern," he intended to and did include therein the lease of February 21, 1928, from Thomas A. O'Gorman, Jr., of the store at 226 Westminster Street, and that by reason thereof the corporation succeeded to said lease.

A decree may be entered accordingly.

For complainant: Boss & McMahon.
For petitioner: Tillinghast & Collins.
For respondents: Arthur L. Conaty.